FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 4 2025

TAMMY H. DOWNS, CLERK
By:_____
                    PLAINTIFF DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**JONATHAN HILBURN**                                                    PLAINTIFF

**v.**                                    Case No. 3:25CV234-KGB

**LEXICON, INC.**                                                        **DEFENDANT**

---

### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Lexicon, Inc. (Defendant), by and through undersigned counsel, ROSE LAW FIRM, A PROFESSIONAL ASSOCIATION, hereby removes this Action from the Circuit Court of Craighead County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Northern Division. In support of this Notice of Removal, Defendant states:

### STATE COURT ACTION

1.      On September 26, 2025, Plaintiff Jonathan Hilburn (Plaintiff') filed this civil action in the Circuit Court of Craighead County, Arkansas, styled as *Jonathan Hilburn v. Lexicon, Inc.*, and docketed as Case No. 16JCV-25-2566 (the State Court Action).

2.      On or about September 26, 2025, Plaintiff served Defendant with the Complaint and Summons in the State Court Action.

3.      Pursuant to 28 U.S.C. § 1446(a), Defendant attaches as **Exhibit A** to this Notice of Removal true and correct copies of all process, pleadings, and orders served upon it and/or filed in the State Court Action.

This case assigned to District Judge *Baker*
and to Magistrate Judge _*Volpe*_____

1

## GROUNDS FOR REMOVAL

4.    Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5.    Plaintiff's State Court Action asserts purported violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et. seq. (ADA), a law of the United States. *See* 28 U.S.C. § 1331; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

6.    Accordingly, federal question jurisdiction is proper here because a federal question is presented on the face of Plaintiff's Complaint. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

7.    Plaintiff also alleges state-law claims under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.*

8.    Claims not within the federal courts' jurisdiction may still be heard in federal court if the Court has supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(a).

9.    Supplemental jurisdiction exists where, as here, federal-law and state-law claims "derive from a common nucleus of operative fact." *S. Council of Indus. Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996).

10.    All of Plaintiff's claims derive from the circumstances surrounding the termination of his employment with Defendant. Thus, the Court has original federal question jurisdiction and supplemental jurisdiction over this entire action, pursuant to 28 U.S.C. §§ 1331 and 1367(a), respectively.

2

### TIMELINESS OF REMOVAL

11.     This Notice of Removal is filed within thirty (30) days of service on Defendants on September 26, 2025, which was Defendant's first receipt of the Summons and Complaint through purported service. Thus, this removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that the thirty-day deadline to remove commences upon service of the summons and complaint).

### CONSENT TO REMOVAL

12.     Defendant consents to this removal and no other defendant is named to the case. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015).

### VENUE

13.     Venue is appropriate in the United States District Court for the Eastern District of Arkansas, Northern Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the purported events giving rise to Plaintiff's claims occurred within that judicial district and division. Venue is also appropriate here because the State Court Action was brought in the Circuit Court of Craighead County, Arkansas, which is located within the Eastern District of Arkansas, Northern Division. 28 U.S.C. §§ 1441(a); 28 U.S.C. § 83(a)(3).

### NOTICE OF REMOVAL

14.     Written notice of this removal will promptly be filed with the Circuit Court of Craighead County, Arkansas, and served on Plaintiff, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Lexicon Inc. respectfully requests that the Court consider this Notice of Removal as provided by law; take such steps as are necessary to achieve the removal of this matter from the Circuit Court of Craighead County, Arkansas; make any such other orders as

may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings from the State Court Action, and for all other relief to which Defendant is entitled.

Respectfully submitted,

ROSE LAW FIRM,
a Professional Association

/s/ Ross E. Simpson
David P. Martin (Ark. Bar No. 92241)
Ross E. Simpson (Ark. Bar No. 2016241)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
Email: dmartin@roselawfirm.com
          rsimpson@roselawfirm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, David P. Martin, of Rose Law Firm, a Professional Association, hereby certify that on October 24, 2025, I caused the foregoing to be filed with the Clerk of Court and caused a true and correct copy of the same to be sent by electronic mail to the following counsel of record for Plaintiff:

George M. Rozzell IV (Ark. Bar No. 2008032)
Katelynn Bookout (Ark Bar No. 2025215)
**MILLER, BUTLER, SCHNEIDER, PAWLIK & ROZZELL, PLLC**
323 West Spring Street
Fayetteville, Arkansas 72701
Telephone: (479) 935-4995
Email: grozzell@arkattorneys.com
          kbookout@arkattorneys.com

/s/ David P. Martin
David P. Martin

4

**COVER SHEET
STATE OF ARKANSAS
CIRCUIT COURT: CIVIL**

ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2025-Sep-26  18:00:23
16JCV-25-2566
C02D02 : 1 Page

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at arcourts.gov.

**County:** Craighead    **District:** Jonesboro    **Filing Date:** 09/26/2025

**Judge:** _____    **Division:** _____    **Case ID:** _____

**Type of case (select one that best describes the subject matter)**

**Torts**
- □ (NM) Automobile
- □ (IT) Intentional
- □ (MP) Malpractice – Medical
- □ (MO) Malpractice – Other
- □ (LP) Premises – Liability
- □ (PL) Product Liability
- □ (DF) Slander/Libel/ Defamation
- □ (OD) Torts – Other

**Contracts**
- □ (BP) Buyer Plaintiff
- ☑ (EM) Employment Discrimination
- □ (EO) Employment – Other
- □ (DO) Seller Plaintiff (Debt Collection)
- □ (OC) Contract – Other

**Real Property**
- □ (CD) Condemnation/Eminent Domain
- □ (UD) Landlord/Tenant – Unlawful Detainer
- □ (UO) Landlord/Tenant – Other
- □ (FC) Mortgage Foreclosure
- □ (QT) Real Property – Other

**Miscellaneous Civil**
- □ (AP) Administrative Appeal
- □ (AR) Petition to Seal Arrest Record
- □ (EL) Election
- □ (FV) Foreign Judgment – Civil
- □ (FR) Fraud
- □ (IJ) Injunction
- □ (NC) Name Change
- □ (CF) Property Forfeiture
- □ (RF) Register AR Judgment
- □ (TS) Petition to Terminate Sex Offender Registration Req. - Out of State Judgment
- □ (WT) Writ - Other
- □ (OM) Civil – Other

| | Plaintiff | | | Defendant | |
|---|---|---|---|---|---|
| Company/ Last Name | Hillburn | | Company/ Last Name | Lexicon, Inc. | |
| Suffix | | | Suffix | | |
| First Name | Jonathan | | First Name | | |
| DL/State ID | | | DL/State ID | | |
| Address | 2625 Primrose St. | | Address | 8900 Fourche Dam Pike | |
| City, State ZIP | Jonesboro, AR 72401 | | City, State ZIP | Little Rock, AR 72206 | |
| Phone | | | Phone | | |
| Email | | | Email | | |
| Self-represented | □ Yes | ☑ No | Self-represented | □ Yes | □ No |
| DOB | | | DOB | | |
| Interpreter needed? | □ Yes: _____ □ No (language) | | Interpreter needed? | □ Yes: _____ □ No (language) | |

**Attorney of Record:** George Rozzell    **Bar #:** 2008032

For the: □ Plaintiff    □ Defendant    □ Intervenor    **Email Address:** grozzell@arkattorneys.com

**Related Case(s):** Judge: _____    Case ID(s): _____

**Manner of filing (choose one):** .    ☑ (MFO) Original    □ (MFR+case type) Re-open
□ (MFT) Transfer    □ (MFF) Reactivate

11/15/2023

ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2025-Sep-26  18:00:23
16JCV-25-2566
C02D02 : 17 Pages

## IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
## JONSEBORO DISTRICT - CIVIL DIVISION

JONATHAN HILBURN,                )
                                 )
                  Plaintiff,     )
                                 )
v.                               )          Case No. 16JCV-
                                 )
LEXICON, INC.                    )
                                 )
                  Defendant.     )

## COMPLAINT

Plaintiff, Jonathan Hilburn, comes before this Court and for his Complaint against Lexicon, Inc. states:

### I.    INTRODUCTION

1. At all times described in this Complaint and relevant thereto, Plaintiff, Jonathan Hilburn ("Hilburn") was duly employed by Defendant Lexicon, Inc. ("Lexicon") until he was terminated for the unlawful reasons set forth herein.

2. Hilburn brings this action against Lexicon for all appropriate relief and damages suffered due to its violations of his rights under the Americans with Disabilities Act ("ADA") and Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.*

### II.   PARTIES AND JURISDICTION

3. Lexicon is a for-profit corporation and citizen of Arkansas, with its principal place of business and nerve center located in Little Rock, Arkansas.

4. At all times described in this Complaint and relevant thereto, Hilburn has been an Arkansas citizen residing in Jonesboro, Arkansas.

5. This Court has subject matter jurisdiction pursuant to Ark. Code Ann. Section 16-123-101 *et. seq.* and has concurrent jurisdiction over the Hillburn's federal claims under the Americans with Disabilities Act in accordance with *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820 (1990).

6. Venue is proper in that the acts complained of occurred principally in Craighead and Mississippi Counties, Arkansas and in that Plaintiff resides in Craighead County, Arkansas.

7. Hilburn filed a Charge of Discrimination, Charge No. 493-2025-00890, based upon Disability and Retaliation with the Equal Employment Commission ("EEOC").

8. Pursuant to Ark. Code. Ann. Section 16-123-107(c)(4), any action based on employment discrimination in violation of subdivision (a)(1) of this section shall be brought within one (1) year after the alleged employment discrimination occurred, or within ninety (90) days of receipt of a "Right to Sue" letter or a notice of "Determination" from the United States Equal Employment Opportunity Commission concerning the alleged unlawful employment practice, whichever is later.

9. Hilburn brings this action in light of the Right to Sue Letter he received from the EEOC, which was issued to him on July 1, 2025, asserting claims under the ADA and ACRA. The related EEOC Charge and Right to Sue Letter attached as "**Exhibit A.**"

10. Venue is proper in this Court due to the events giving rise to this claim having taken place in this judicial district, and Defendant is a citizen of this judicial district.

## III.    STATEMENT OF FACTS

11. In November 2021, Hilburn was hired by Lexicon as a crane operator.

12. Shortly after beginning his employment with Lexicon, Hilburn was diagnosed with several physical disabilities, including Raynaud's Disease, Carpal Tunnel Syndrome, Liver Disease, and Systemic Sclerosis (Scleroderma), a rare autoimmune disorder that progressively impairs organ function and can lead to organ failure.

13. The onset of symptoms leading to Hilburn's diagnoses began in March 2022, when he experienced severe pain, numbness, and excessive coldness in his hands. Hilburn promptly reported these symptoms to Lexicon.

14. In response, Monica Williams, A.P.R.N., an on-site nurse employed by Lexicon, referred Hilburn to rheumatologist, Randy D. Roberts, M.D., for evaluation.

15. On April 11, 2022, Hilburn was examined by Dr. Roberts, at which point he was diagnosed with Raynaud's Disease and Carpal Tunnel Syndrome.

16. On April 20, 2022, Dr. Robers also diagnosed Hilburn with Systematic Sclerosis (Scleroderma).

17. Despite the progression of his illnesses, Hilburn continued to work for three years, even as his physical condition and disabilities worsened.

18. Throughout this time, Lexicon was kept informed of the progression of Hilburn's condition and resulting disabilities. However, Lexicon never investigated whether Hilburn's worsening symptoms were related to the repetitive use of his hands on the job.

19. In July 2024, Jeffrey Cole, M.D. informed Hillburn that his right hand would require surgery, specifically a carpal tunnel release, which would keep him from work for 4 to 6 weeks until he was cleared to return to work.

20. On July 30, 2024, Hilburn informed his supervisor, Rick Fry, of his upcoming surgery scheduled for September and that he would require light-duty accommodations following the procedure. This communication is evidenced by the text message exchange attached as "**Exhibit B.**"

21. Rick Fry acknowledged Hilburn's request and stated that he would make arrangements for Hilburn's return. *See* **Exhibit B.**

22. On September 12, 2024, Lexicon's HR Director, Brandy Thomas informed Hillburn that his leave of absence would be approved and that he needed to pay weekly toward insurance premiums while he was away from work, but could apply any vacation time to cover the premium total, which is attached as "**Exhibit C.**"

23. That same day, Hilburn also received confirmation from Lexicon that he would receive leave under the Family Medical Leave Act ("FMLA") for approximately 4 weeks, which is evidenced by Section III of the Designation Notice attached as "**Exhibit D.**"

24. Subsequently, on September 17, Hilburn's request to take vacation days was approved for September 17 through September 24, as confirmed by the email correspondence attached as "**Exhibit E.**"

25. On September 18, 2024, Hilburn underwent the scheduled carpal tunnel release surgery.

26. Following his surgery, Lexicon's Human Resources Department informed Hilburn that there were no light-duty positions available for him upon return.

27. During follow-up appointments with Dr. Cole on October 16, 2024, and November 16, 2024, Dr. Cole reiterated his initial assessment: Hilburn remained restricted to light-

duty work and was not medically cleared to return to his original duties as a crane operator due to ongoing limitations with his hand.

28. On multiple occasions, Hilburn communicated that he was more than capable and willing to perform an alterative role and return to work even if was not approved to use his right hand.

29. However, Lexicon refused to make any accommodations for Hilburn, despite having made accommodations for other employees.

30. With no options to work in a light duty capacity, Mr. Hillburn requested additional leave time under FMLA and was approved for long term disability.

31. On December 18, 2024, Ms. Thomas called Hillburn and informed him that there was no light duty position available, that they could no longer hold his position open, and that his termination was effective immediately.

32. In a letter memorializing their phone conversation, Ms. Thomas informed Hilburn of his termination and that he was 9 weeks behind on insurance premiums, which is attached as "**Exhibit F**."

33. Lexicon informed Hilburn that he could reapply for a job whenever he was cleared by a physician to work in his original capacity.

34. Although Lexicon initially advised that Hilburn could retain his health insurance coverage by paying the premiums, which he did, his insurance was ultimately canceled. As a result, Hilburn was forced to obtain health insurance independently.

35. Hilburn has made repeated inquiries into the status of his $250,000 life insurance policy through Lexicon but has received no confirmation regarding whether the policy remains active.

36. Lexicon failed to provide reasonable accommodations for Hilburn's disability, in violation of applicable laws.

37. Lexicon failed to consider or explore alternative positions within the company that Hilburn was capable of performing.

38. Lexicon disregarded Hilburn's ability and willingness to return to work in a light-duty capacity.

### COUNT I – VIOLATION OF 42 U.S.C. § 12111 *et seq.*
### DISCRIMINATION BASED UPON DISABILITY

39. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint.

40. Section 102(a) of the ADA, 42 U.S. C. §12112(a), provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, ... and other terms, conditions, and privileges of employment."

41. Lexicon, by and through their employees and agents, have discriminated against Hilburn due to his disability in violation of Title I of the Americans with Disabilities Act as amended, by terminating him for his disabilities, by terminating his benefits including health and life insurance, and by failing to accommodate for light duty working conditions, which was permitted by his physician.

42. As a result of Lexicon's discriminatory actions, Hilburn suffered embarrassment and humiliation, emotional distress, loss of confidence and self-esteem, financial losses, and loss of income and attendant employment benefits in an amount to be determined at trial.

43. By terminating Hilburn because of his condition and by failing to reasonably accommodate his treatment schedule, Lexicon has intentionally and with reckless indifference and disregard violated Title I of the Americans with Disabilities Act as amended.

### COUNT II – VIOLATION OF ARKANSAS CIVIL RIGHTS ACT
### Arkansas Code Annotated § 16-123-101 *et seq.*

44. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint.

45. Similar to requirements under the ADA, it is unlawful for an employer to discriminate against an individual in hiring, termination, or the terms, conditions, or privileges of employment on the basis of a physical disability under the Arkansas Civil Rights Act, A.C.A. § 16-123-107.

46. Hilburn was subjected to discrimination by Lexicon's condonation, ratification, approval, and perpetuation of discrimination due to Hilburn's termination and for its failure to accommodate his condition, for which he seeks relief.

IV.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jonathan Hilburn, respectfully prays for a jury trial, judgment against Defendants for all damages suffered by Hilburn in excess of $75,000.00 as required for federal diversity jurisdiction, punitive damages (if warranted and appropriate), costs of litigation including attorneys' fees; and other relief of which this Court deems just and proper.

Respectfully Submitted,

Jonathan Hillburn, Plaintiff

By: /s/George M. Rozzell
George M. Rozzell IV, Ark Bar No. 2008032
Katelynn Bookout, Ark Bar No. 2025215
MILLER, BUTLER, SCHNEIDER,
PAWLIK & ROZZELL, PLLC
323 W. Spring Street
Fayetteville, Arkansas 72701
479.935.4995 - PHONE
grozzell@arkattorneys.com

# Exhibit A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Little Rock Area Office
820 Louisiana St. Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/01/2025

To: Jonathan Hilburn

█████████████████████

Charge No: 493-2025-00890

EEOC Representative and email:    BRITTNEY WILKERSON
Investigator
brittney.wilkerson@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2025-00890.

On behalf of the Commission,

Digitally Signed By: William A Cash
07/01/2025

William A Cash
Area Office Director

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: Agency(ies) Charge No(s): |
|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ___ FEPA<br>_x_ EEOC |

_____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>Jonathan Hilburn | Home Phone (Incl. Area Code)<br>███████ | Date of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code | Email: ████████ |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>Lexicon | No. Employees, Members<br>50+ | Phone No. (Include Area Code)<br>501-490-4200 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 8900 Fourche Dam Pike, Little Rock AR 72206 | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE   __ COLOR   __ SEX __ RELIGION __ NATIONAL ORIGIN

_x_ RETALIATION   __ AGE   _x_ DISABILITY   _x_ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest       Latest
March 2024     December 18, 2024

__ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*): I worked as a crane operator for roughly three years for Lexicon. In March of 2022, the on-site nurse sent me to a doctor, who diagnosed me with a terminal illness. The illness exacerbates other conditions. I have a condition (s) that greatly impacts my daily life activity and qualifies as a disability under ADA. My employer was aware of my condition and approved my accommodation request. In July of 2024, my doctor said I had to have surgery, but I may be able to continue working light duty. I asked HR if I could do light duty and was told they didn't have any light duty positions. I went on fulltime FMLA and had surgery on September 18, 2024. On December 18, 2024, I was still under the care of my medical provider and still on FMLA when HR called me. HR said they can't wait for my doctor to release me and they were terminating me. They also told me when my doctor releases me, I can apply for open positions in the company. The reasons for my termination are pretextual. The real reason for my termination were for being disabled, asking about a light duty accommodation and going out on FMLA. My employer's actions are in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|

| I declare under penalty of perjury that the above is true and correct.<br><br>1/15/25<br>*Date*   *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |
|---|---|

# EEOC Charge

Final Audit Report                                                    2025-01-15

| | |
|---|---|
| Created: | 2025-01-15 |
| By: | Casey Wheatman (casey.wheatman@wh.law) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAF8hPZUqat8VhpKJeWOvPfLy2YRbvRfjF |

## "EEOC Charge" History

- Document created by Casey Wheatman (casey.wheatman@wh.law)
  2025-01-15 - 9:24:08 PM GMT

  Document emailed to Jonathan Hilburn (jonathanhilburn1@gmail.com) for signature
  2025-01-15 - 9:24:12 PM GMT

  Email viewed by Jonathan Hilburn (jonathanhilburn1@gmail.com)
  2025-01-15 - 9:38:37 PM GMT

  Document e-signed by Jonathan Hilburn (jonathanhilburn1@gmail.com)
  Signature Date: 2025-01-15 - 9:41:09 PM GMT - Time Source: server

  Agreement completed.
  2025-01-15 - 9:41:09 PM GMT

Adobe Acrobat Sign

Exhibit B

**New iMessage**                    Cancel

To: Rick Fry

Jul 30, 2024 at 7:20 AM

Mr **Rick** , I have to have carpal tunnel surgery on my right hand on the 18th of September. I tried scheduling it far enough out to give you time to find operator. I have to have a specialist do the surgery because of my previous surgery when I was young the surgeon referred me to the doctor in Memphis because he didn't feel good about performing surgery. I went last week to doctor in Memphis. He said I will be out of commission for a week, then I could possibly return to work. So I was gonna take my vacation 22nd through the 25th and hopefully return on the 29th. He said I would be on light duty, but he said it shouldn't be an issue as long as I am not doing a lot of physical activities with my hand. The whip line and swing joy sticks are on the left side of crane seat and I can use the pedal in the floor to boom up and down. So I should be good.

10-4 I will make arrangements and I hope all goes well for you with the surgery

Yes sir me too, thanks

Aug 5, 2024 at 6:25 PM



September 12, 2024

Jonathan Hilburn

Dear Mr. Hilburn,

Upon receipt of your completed paperwork, your leave of absence will be approved. Weekly premiums in the amount of $103.93 for your insurance coverage are due while you are away from work.

If you have vacation time available, we can apply hours each week to cover your premium total, or you can opt to send a check or money order each week you are out to:

Lexicon
Attn: Brandy Thomas
8900 Fourche Dam Pike
Little Rock, AR 72206

Non-payment of more than 30 days may result in the cancellation of your insurance policies.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Brandy Thomas,
Benefits Manager
501.490.7874
brandyt@lexicon-inc.com

8900 Fourche Dam Pike · Little Rock, AR 72206 · (501) 490-4200 · www.lexicon-inc.com

EXHIBIT D

## SECTION III - FMLA LEAVE APPROVED

As explained in Section I, your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave and will count against the amount of FMLA leave you have available to use in the applicable 12-month period. The FMLA requires that you notify us as soon as practicable if the dates of scheduled leave change, are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against the total amount of FMLA leave you have available to use in the applicable 12-month period:

*(Select as appropriate)*

[X] Provided there is no change from your anticipated FMLA leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: _4.40 weeks or (176.00 hours)_

[ ] Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period *(if leave was taken in the 30-day period).*

EXHIBIT E





EXHIBIT F

 **Lexicon**

December 18, 2024

Jonathan Hilburn



Dear Mr. Hilburn,

As we discussed by phone today, due to the extension of your leave of absence, we are unable to continue to hold your position.  As such, your employment with Lexicon ends as of today, December 18, 2024.

When you are released to full duty, you may apply for available open positions for consideration of re-employment at that time.

Additionally, you are currently 9 weeks behind on your insurance premiums. The total amount due is $935.37.

Please send a check or money order payable to Lexicon to the following address:

Lexicon
Attn: Brandy Thomas
8900 Fourche Dam Pike
Little Rock, AR 72206

If you have any questions, please do not hesitate to contact me.

Sincerely,

Brandy Thomas,
Benefits Manager
501.490.7874
brandyt@lexicon-inc.com

**IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS**
**2ND CIRCUIT DIVISION 2**

<u>JONATHAN HILLBURN V LEXICON INC</u>

16JCV-25-2566

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

Lexicon, Inc
Reg Agent:  Dan C. Young
120 E. 4th St.
Little Rock, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

George M. Rozzell, IV
323 W. Spring St.
Fayetteville, AR  72701

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

|  |  |
|---|---|
| Address of Clerks Office | CLERK OF COURT |
|  | *Sharron L. Ussery* |
| DavidVaughn, CIRCUIT CLERK | |
| CIRCUIT COURT OF CRAIGHEAD COUNTY | SHARRON L USSERY, DC |
| 511 SOUTH MAIN STREET | |
| JONESBORO, AR  72401 | Date: 09/29/2025 |

**NOTICE OF RIGHT TO CONSENT**
**TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE**

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk

Date: 09/29/2025

No. 16JCV-25-2566 This summons is for Lexicon, Inc (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2025-Oct-16 14:27:02
16JCV-25-2566
C02D02 : 4 Pages

**IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
JONESBORO DISTRICT – CIVIL DIVISION**

| | | |
|---|---|---|
| JONATHAN HILBURN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 16JCV-25-2566** |
| | ) | |
| LEXICON, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

### AFFIDAVIT OF SERVICE

I am the attorney for the Plaintiff in the above referenced matter. A Summons and Complaint were served and accepted on the 26th day of September 2025, upon Lexicon, Inc., via it's attorney David Martin, who is authorized to accept service of process, by email. The email chain wherein the Defendant's attorney, David Martin, informed me that he was authorized to accept service of process, and the email where Mr. Martin acknowledged service on September 26th, 2025, is attached hereto as Exhibit A.

Respectfully Submitted,

By: /s/Katelynn N. Bookout
Katelynn N. Bookout, Ark Bar No. 2025215
George M. Rozzell IV, Ark Bar No. 2008032
MILLER, BUTLER, SCHNEIDER,
PAWLIK & ROZZELL, PLLC
323 W. Spring Street
Fayetteville, Arkansas 72701
479.935.4995 - PHONE
kbookout@arkattorneys.com
grozzell@arkattorneys.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION

State of Arkansas          )
                           )      ss
County of Benton           )


I, the undersigned, do hereby state upon oath that I am the attorney for the Plaintiff in the above-styled matter, and that the statements of fact contained in the above affidavit are true and correct to the best of my knowledge, information and belief.

Katelynn N. Bookout

Subscribed and sworn to before me this 16th day of October, 2025

Heidi Mohr

Notary Public

My commission expires:
01/17/32

**EXHIBIT A**

## Katelynn Bookout

| | |
|---|---|
| **From:** | David Martin <dmartin@roselawfirm.com> |
| **Sent:** | Wednesday, October 15, 2025 1:41 PM |
| **To:** | Katelynn Bookout |
| **Subject:** | RE: Hilburn v. Lexicon Complaint & Tolling Agreement |

Ms Bookout,

That is correct. Per our agreement regarding service, service was made on 9/26. Thanks.



**David Martin**
Member
120 East Fourth Street, Little Rock, AR 72201
p: (501) 377-0331    f: (501) 375-1309
RoseLawFirm.com

Rose Law Firm, a Professional Association | **Confidentiality Notice:** This message may constitute a confidential attorney-client communication. It is intended exclusively for the individual or entity to which it is addressed. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message

**From:** Katelynn Bookout <kbookout@arkattorneys.com>
**Sent:** Tuesday, October 14, 2025 10:51 AM
**To:** George Rozzell <GRozzell@arkattorneys.com>; David Martin <dmartin@roselawfirm.com>
**Subject:** RE: Hilburn v. Lexicon Complaint & Tolling Agreement

External Email

Good morning, David,

I wanted to confirm that you received the complaint, attachments, and summons. Could you please confirm receipt of service on September 26, 2025?

Best,
**Katelynn Bookout**



**MILLER** | SCHNEIDER PAWLIK ROZZELL
**BUTLER**

(479) 935-4995 | 323 W. Spring Street, Fayetteville, AR 72701
www.arkattorneys.com

*This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this Email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone 1-479-621-0006 or by e-mailing the sender, and destroy the original message.*

1

**From:** David Martin <dmartin@roselawfirm.com>
**Sent:** Friday, September 26, 2025 4:21:37 PM
**To:** Katelynn Bookout <kbookout@arkattorneys.com>
**Subject:** RE: Hilburn v. Lexicon Complaint & Tolling Agreement

Katelynn, my client does not wish to mediate at this point. I will accept service for the company. Please email the complaint, attachments, and summons to me and allow me to confirm receipt. Once I confirm receipt we can call it properly served, i.e. Lexicon will waive all defenses based on service and the service date will be the date you send and I confirm receipt. Have a good weekend.

Best regards,

 **David Martin**
**Member**
120 East Fourth Street. Little Rock, AR 72201
p: (501) 377-0331    f: (501) 375-1309
RoseLawFirm.com

Rose Law Firm, a Professional Association | **Confidentiality Notice:** This message may constitute a confidential attorney-client communication. It is intended exclusively for the individual or entity to which it is addressed. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message

2